UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Edgar P.,

                                        Civ. No. 26-1746 (PAM/ECW)

                Petitioner,

v.                                      **MEMORANDUM AND ORDER**

Pamela Bondi, Attorney General;
Markwayne Mullin, Secretary, U.S.
Department of Homeland Security[1]; Todd
M. Lyons, Acting Director of Immigration
and Customs Enforcement; and David
Easterwood, St. Paul Field Office
Immigration and Customs Enforcement,

                Respondents.

---

This matter is before the Court on Petitioner Edgar P.'s second Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Ecuador. (Id. ¶¶ 11, 28.) In 2023, he entered the United States without inspection by an immigration officer and was apprehended by Respondents, who processed and released him. (Id. ¶¶ 29–31.) On February 2, 2026, Respondents detained Petitioner, and he remains in their custody. (Id. ¶ 34.) The day he was detained, Petitioner filed a habeas petition seeking his immediate release or, alternatively, a bond

---

[1] Respondent's name is automatically substituted to that of the current officeholder under Fed. R. Civ. P. 25(d).

hearing.  (Id. ¶ 35.)  On February 12, 2026, the Court denied the petition on the merits, finding that that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (Civ. No. 26-953, Docket No. 8.)  The instant habeas petition followed.

**DISCUSSION**

In Petitioner's second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, he seeks the same relief originally sought—his immediate release or, alternatively, a bond hearing.  Respondents contend that the instant petition is merely a second bite at the apple, persisting in the view that Petitioner's detention is mandatory pending removal proceedings under § 1225(b)(2).  Petitioner argues that his successive petition is not a second bite at the apple, because the Court's previous Order did not address his alleged due process violations.  (Pet. ¶ 35.)

Petitioner claims that Respondents violated his due process rights by detaining him and not affording him a bond hearing.  The issue is clear: Section § 1225(b)(2) requires Petitioner's detention.  See Avila v. Bondi, No. 25-3248 (8th Cir. March 25, 2026).  Because Petitioner is not entitled to a bond hearing or release, there was no violation of due process.

3

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.      The Petition (Docket No. 1) is **DENIED**; and

2.      This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>March 26, 2026</u>                          <u>s/ Paul A. Magnuson</u>
                                                        Paul A. Magnuson
                                                        United States District Court Judge